BLD-124                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3622
_____

STEVE STEWART; LAMONT C. BULLOCK; NATHAN RILEY;
DERRICK MUCHINSON, Appellants

v.

JEFFREY A. BEARD, Ph.D; JOHN PALAKOVICH, Superintendent;
JAMES FOUSE, Safety Manager; WILLIAM FELTON, Facility Maintenance Manager
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 07-cv-01916)
District Judge:  Honorable A. Richard Caputo
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 25, 2011
Before:  SLOVITER, JORDAN AND GREENAWAY, JR., Circuit Judges

(Opinion filed: March 11, 2011)
_____

OPINION
_____

PER CURIAM

Nathan Riley, an inmate at the State Correctional Institution at Smithfield,

Pennsylvania, appeals from the District Court's judgment in favor of the defendants and

the denial of his motion for reconsideration.  Because we conclude that this appeal

presents no substantial question, we will summarily affirm. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

The four original plaintiffs, Steve Stewart, Lamont Bullock, Nathan Riley, and Derrick Muchinson, filed a complaint in the District Court under 42 U.S.C. § 1983 claiming that the twenty-four hours a day of illumination in the Restricted Housing Unit ("RHU") constitutes an Eighth Amendment violation. They argued that the constant bright lighting causes sleep deprivation and sleeping disorders, headaches, blurred vision, psychological conditions, and the aggravation of existing psychological conditions.

The parties presented the case without a jury, and at the conclusion of the presentation of the evidence, the defendants moved for judgment as a matter of law. The District Court decided that the defendants were not entitled to such a judgment and denied the motion. The plaintiffs apparently moved for judgment in their favor, and were denied as well. The plaintiffs then filed a motion for reconsideration, arguing that defendant Jeffrey Beard failed to appear in person at the trial. The District Court denied the motion as moot, noting that Beard was represented by counsel who defended the actions of all of the defendants. The court went on to decide the case on the merits in favor of the defendants.

The plaintiffs filed a timely notice of appeal. We dismissed the case as to Steve Stewart, Lamont Bullock, and Derrick Muchinson for failure to timely pay the requisite fees or file a motion to proceed in forma pauperis. Nathan Riley is the sole remaining

2

appellant.

## II.

Riley challenges the judgment entered in favor of defendants, as well as the District Court's denial of the plaintiffs' motion for reconsideration. We have jurisdiction pursuant to 28 U.S.C. § 1291. See Sides v. Cherry, 609 F.3d 576, 578 n.1 (3d Cir. 2010). We generally review a district court's decision on a motion for reconsideration for abuse of discretion. Max's Seafood Café ex rel. Lou- Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

## III.

The twenty-four hours of lighting in the RHU is a published regulation of the Pennsylvania Department of Corrections. Under Turner v. Safley, 482 U.S. 78, 89 (1987), we must determine whether a prison regulation is "reasonably related to legitimate penological interests." The District Court concluded that the defendants had established a legitimate penological interest. They presented evidence that the RHU lighting provides security for staff and inmates in that it helps staff guard against the inmates' aggressive conduct and allows the staff to easily check on the health and safety of the inmates.

The Eighth Amendment prohibits the unnecessary and wanton infliction of pain, Whitley v. Albers, 475 U.S. 312, 319 (1986), and deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). "Prison conditions may

3

amount to cruel and unusual punishment if they cause 'unquestioned and serious deprivations of basic human needs . . . [that] deprive inmates of the minimal civilized measure of life's necessities.'" Tillman v. Lebanon Cnty. Corr. Facility, 221 F.3d 410, 417-18 (3d Cir. 2000) (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).

At least one circuit has held that, in certain circumstances, constant illumination can rise to the level of an Eighth Amendment violation. See Keenan v. Hall, 83 F.3d 1083, 1090-91 (9th Cir. 1996) (in which large florescent lights directly in front of and behind inmate's cell shone twenty-four hours a day, creating sleeping and psychological problems). However, as the District Court noted, the lights used in the RHU are of low intensity, and inmates are permitted to cover their eyes with a pillow or pillow case.[1] Other courts have held that constant low intensity lighting, when justified by legitimate penological concerns, does not violate the Eighth Amendment. See, e.g., Wills v. Terhune, 404 F. Supp. 2d 1226, 1230-31 (E.D. Cal. 2005) (nighttime security lights not bright enough to read or write); King v. Frank, 371 F. Supp. 2d 977, 985 (W.D. Wis. 2005) (nine watt florescent nighttime lighting not a violation where inmates could cover their eyes with cloth while sleeping and where plaintiff failed to show that the light caused any serious medical problems). Moreover, the District Court found that the plaintiffs had failed to demonstrate that the twenty-four hour lighting had caused any physical or mental problems to the extent that they required medical attention.

---

[1] The lights used are nine watt, six hundred lumen bulbs that give off less than two foot-candles of illumination.

As to the motion for reconsideration, the plaintiffs argued that defendant Jeffrey Beard "failed to appear or defend" against the plaintiffs' claims. As the District Court pointed out, Beard was represented by counsel who represented all defendants against plaintiffs' claims. Therefore, the District Court did not abuse its discretion in denying the motion for reconsideration.

Because the appeal does not present a substantial question, we will summarily affirm the District Court's order denying the motion. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6. Riley's motion for the appointment of counsel is denied.